## JOE COGBURN v. THE STATE.

### No. 4216.   Decided October 25, 1916.

**Local Option—Agency—Charge of Court—Weight of Evidence.**

Where, upon trial of a violation of the local option law, the court's charge did not correctly submit the law, as applicable to the evidence in the case, and failed to submit the question of agency, arising from the evidence, the same was reversible error.

Appeal from the County Court of Kaufman. Tried below before the Hon. James A. Cooley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*H. W. Jones* and *S. J. Osborne,* for appellant.—On question of court's charge: Dobbs v. State, 100 S. W. Rep., 946; Cooper v. State, 85 id., 1059; Brann v. State, 39 id., 940.

On question of agency: Givens v. State, 91 S. W. Rep., 1090; Scott v. State, 153 id., 871; Branch, Criminal Law, sec. 569.

*C. C. McDonald,* Assistant Attorney General for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquor in prohibition territory.

The only exception in the record is to one paragraph of the court's charge. It reads: "In this connection you are instructed that if the defendant showed the bottle of whisky to John Tally before he paid the money over to Zack Woods then you are authorized to find that he was acting with the said Zack Woods in the sale of the whisky to John Tally and would be a principal in the sale of the whisky, and if you so find and believe from the evidence, beyond a reasonable doubt, you will find the defendant guilty as charged," etc. Appellant objected to the charge as being upon the weight to be given the testimony, and because it sets out facts constituting proof of sale which are erroneous in law. We do not think the charge correctly presents the law as ap-

plicable to the evidence in this case.  State's witness admits that appellant told him he had no whisky for sale, but thought he could get some for him; that appellant then went up the railroad and around a box car, and when appellant came back he set down a bottle and motioned him to go get it.  Appellant testified, in substance, to the same facts, but says he acted for the accommodation of Tally; that Zack Woods was selling whisky there that day, and he had bought some from him for himself; that when Tally approached him he went around the car to Zack Woods, got a bottle of whisky from him, and carried it back and set it down and motioned Tally; that he had no interest in the whisky, and gave all the money to Woods that he received from Tally.  The issue of agency should have been properly submitted, and his guilt or innocence not be made to depend on whether he delivered the money to Woods before or just after he motioned to Tally to go and get the whisky.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*